**UNITED STATES of America,**
**Appellee,**

v.

**George BALIS, Defendant–Appellant.**

No. 06–1259–cr.

United States Court of Appeals,
Second Circuit.

Aug. 10, 2007.

Michael F. Bachner, New York, NY, for Appellant.

Joshua Klein, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Jonathan Kolodner, Assistant United States Attorney, on the brief), United States Attorney's Officer for the Southern District of New York, for Appellee.

PRESENT: WALKER, and JOSÉ A. CABRANES, Circuit Judges, RICHARD M. BERMAN,[1] District Judge.

## SUMMARY ORDER

Defendant George Balis appeals from a judgment of conviction of conspiracy to commit securities, wire and mail fraud, in violation of Title 18, United States Code, Section 371; securities fraud, in violation of Title 15, United States Code, Sections 77q(a) and 77x; and wire fraud, in violation of Title 18, United States Code, Section 1343, entered on March 6, 2006 by the District Court. Defendant raises several issues on appeal, including whether the court usurped the jury's function in its supplemental instructions by defining the term "security" without also defining the term "note."

During jury deliberations, Judge Lynch received the following written questions from the jury: "Does the fact that the note was convertible to securities make it a security? Is the note itself a security regardless of the convertible feature? Define security, please." Transcript at 771. In response, and as the defense had requested, Judge Lynch determined to submit the question of whether the convertible note in issue ("Note") was a security to the jury and he advised the jurors as follows: "I think the best way for me to answer [your] question is to answer the last part, which is to define security as defined in the statute and then it is up to you to decide whether the instrument in question was a security." Transcript at 776.

There is no doubt that the Note was a security. For one thing, "notes" are spe-cifically enumerated in the Securities Act of 1933, 15 U.S.C. § 77b(a)(1), which defines security as: "any note, stock, treasury stock, security future, bond, debenture, evidence of indebtedness, certificate of interest or participation in any profit sharing agreement...." 15 U.S.C. § 77b(a)(1).[2] See Reves v. Ernst & Young, 494 U.S. 56, 64–65, 110 S.Ct. 945, 108 L.Ed.2d 47 (1990); see also United States v. Thomas, 54 F.3d 73, 78 (2d Cir.1995); United States v. Rogers, 9 F.3d 1025, 1033 (2d Cir.1993).

Second, the government adduced unrebutted testimonial and documentary evidence at trial demonstrating that the Note had the economic characteristics of a security, including its $300,000 principal amount, its two-year maturity, its interest rate, and its convertibility into 3,000,000 shares of Millenium stock. In addition, the funds received in exchange for the Note were intended to be used, in part at least, for the general corporate purposes of Millenium, and the Note expressly stated that it was a "security." Thus, while the phrase "any note" in 15 U.S.C. § 77b(a)(1) should not be interpreted to mean literally "any note," regardless of its economic characteristics, the defense in this case failed totally to counter the evidence that the Note was a security. See Reves, 494 U.S. at 64, 110 S.Ct. 945; United States v. Tucker, 345 F.3d 320, 329 (5th Cir.2003); Thomas, 54 F.3d at 78; Rogers, 9 F.3d at 1033.

Third, prior to submission of the case to the jury, the defense did not request any instruction relating to the term security or the term note. See Fed.R.Crim.P. 30(d)

---

1. The Honorable Richard M. Berman, Judge of the United States District Court for the Southern District of New York, sitting by designation.

2. The Securities Exchange Act of 1934, 15 U.S.C. § 78c(a)(10), also defines security as: "any note, stock, treasury stock, security future, bond, debenture, certificate of interest or participation in any profit-sharing agreement...." 15 U.S.C. § 78c(a)(10).

("A party who objects to any portion of the instructions or to a failure to give a requested instruction must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate."). And, as noted, following receipt of questions from the jury during deliberations, Judge Lynch acceded to the defense request that "you not tell the jury whether or not this is or isn't a note, but that you tell them that a note, if they find this to be a note, comes under the definition of security." Transcript at 778–79. *See United States v. Skelly*, 442 F.3d 94, 99 (2d Cir.2006) ("[N]o better instruction was requested .... [t]he defendants therefore failed to raise a specific objection ... and thereby forfeited it.").

Finally, the defense never complained, until this appeal, that the Note was not a security under the *Reves* so-called family resemblance test and Judge Lynch did not err in failing to provide a "family resemblance" instruction. *See United States v. Diaz*, 176 F.3d 52, 98–99 (2d Cir.1999) ("we find that the district court's refusal to instruct the jury on such a defense was harmless error and did not result in any prejudice"); *see also United States v. Goldstein*, 442 F.3d 777, 781 (2d Cir.2006) (reviewing jury charges for "plain error" where defendant waived objection).

We have examined the other issues raised on appeal by the defense and find them to be without merit. The judgment of the District Court is **AFFIRMED**.